```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    UNITED STATES,

                -v-                                    1:18-cr-113-GHW

    RASHEEM RICHARDSON,                          ORDER

                              Defendant.
------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

        On May 28, 2020, the Court received a letter from Rasheem Richardson, acting *pro se*, requesting that the Court order his compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 79. On June 12, 2020, pro bono counsel filed a supplemental motion on Mr. Richardson's behalf (the "Motion"). Dkt. No. 81. Mr. Richardson's motion points to the incidence of COVID-19 at the Metropolitan Detention Center in Brooklyn, where he is incarcerated, and his health conditions—principally asthma, sleep apnea, obesity, and sickle cell traits—as the basis for the Court to order his compassionate release. The Government filed its opposition on June 18, 2020, Dkt. No. 85, and a supplemental letter on July 2, 2020. Dkt. No. 86. Defendant filed a response to that supplemental letter later the same day. Dkt. No. 87. For the reasons that follow, Mr. Richardson's motion is denied.

        Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the

extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

Mr. Richardson was born in June 1989; he is 31 years old today. Sentencing Transcript ("Tr.") at 21:24. Mr. Richardson's pre-sentence report described Mr. Richardson to have reported himself as being in generally good health, the with exception of asthma. Tr. at 22 21-22; Presentence Report, Dkt. No. 74 at ¶ 61. In his May 28, 2020 letter, however, Mr. Richardson reported that he suffered from a number of additional conditions, including sleep apnea, obesity, and sickle cell traits. Motion at 1.

Mr. Richardson was a dog fighter. He was convicted after trial of two counts—conspiracy to possess and train dogs for participation in animal fighting, in violation of 18 U.S.C. § 371, and animal fighting in violation of 7 U.S.C. § 2156(b) and 18 U.S.C. § 49. The evidence at trial was disturbing: 11 pit bulls were kept at Mr. Richardson's home—some housed in plywood kennels; some caged inside the home. Five of the animals recovered from his home were later euthanized because they were too aggressive to other animals. The evidence included graphic images of dog

fighting.  Mr. Richardson engaged in this series of illegal activity while on supervised release from a 2010 conviction for a Hobbs Act robbery for which he was sentenced to 66 months imprisonment.

The Court sentenced Mr. Richardson to 27 months imprisonment for his crimes on November 19, 2018.  Tr. at 20:15-23.  That sentence was at the bottom of the sentencing guidelines range for his offense.  The Court also sentenced Mr. Richardson to serve two months imprisonment with respect to his violation of supervised release, to be served consecutively to his dog fighting sentence.  Tr. at 29:20-24.  According to the Motion, Mr. Richardson has acted responsibly while in prison; he is now scheduled to be sent to a halfway house in September 2020, and to be released in January 2021.  Motion at 1.  So, in effect, the defendant is asking that the Court reduce his time in prison by slightly more than two months.

The Court is not fully persuaded by the defendant's arguments in support of a finding that "extraordinary and compelling" reasons exist for his release.  The Court accepts that Mr. Richardson suffers from a number of conditions that can enhance the risk associated with COVID-19.  But the application does not provide any detail to the Court regarding the incremental risk associated with those comorbidities among people in Mr. Richardson's age cohort.  As noted above, Mr. Richardson is only 31 years old today.  And the data assembled by the CDC shows marked differences in the risks associated with certain comorbidities based on a person's age.  *See, e.g.* https://data.cdc.gov/NCHS/Conditions-contributing-to-deaths-involving-corona/hk9y-quqm (last visited July 5, 2020) (showing aggregate 23,612 deaths as of June 27, 2020 from COVID-19 with an associated comorbidity of  "hypertensive diseases," of which 64, or 0.27% were in Mr. Richardson's 25-34 age cohort); (showing aggregate 3,093 deaths as of June 27, 2020 from COVID-19 with an associated comorbidity of "obesity," of which 154, or 5% were in Mr. Richardson's age cohort).

Nonetheless, assuming, without holding, that Mr. Richardson's health conditions, and the incremental risk associated with the possibility of catching COVID-19 at his facility was sufficient to

give rise to compelling and extraordinary reason for his release, the Court would not grant the requested relief.

In considering all of the § 3553(a) factors, the Court does not believe that a reduction in Mr. Richardson's sentence is warranted. While the factor related to the need for Mr. Richardson to receive medical care arguably weighs somewhat more heavily in favor of a lesser sentence now, the nature of his crimes was very serious. And, unfortunately, the need for personal deterrence for Mr. Richardson, who committed Hobbs Act robbery and engaged in his dog fighting offense while on supervised release, remains high. The Court's assessment of all of the other § 3553(a) sentencing factors, including the need for general deterrence, all continue to weigh heavily against a modification of his sentence now. In sentencing Mr. Richardson, the Court was very conscious of the admonition of § 3553 to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of the statute. The sentence imposed by the Court was appropriate for Mr. Richardson at the time and the Court's assessment of the § 3553(a) factors do not yield a different conclusion today, notwithstanding COVID-19 and its complications. The Court understands that Mr. Richardson's good behavior in prison will lead to his release to a halfway house in approximately two more months. Mr. Richardson has not met his burden to show that an earlier release is appropriate.

In sum, having considered all of the information presented to the Court in connection with this application, the Court does not believe that a reduction in Mr. Richardson's sentence is warranted. His motion is DENIED.

SO ORDERED.

Dated: July 5, 2020

                                                  GREGORY H. WOODS
                                                  United States District Judge